**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RAUL SOTO | : | |
| | : | |
| Appellant | : | No. 356 EDA 2017 |

Appeal from the Judgment of Sentence December 15, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013896-2014

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED JUNE 26, 2018**

Appellant Raul Soto appeals from the judgment of sentence following

his guilty plea to aggravated assault, criminal conspiracy, firearms not to be

carried without a license, carrying firearms on a public street in Philadelphia,

and his *nolo contendere* plea to robbery.[1]  Appellant's counsel has filed a brief

pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and its Pennsylvania

counterpart, ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We

remand with instructions.

The trial court set forth the facts of this case as follows:

A summary of the facts admitted into evidence, and stipulated to
by Appellant, during the guilty plea colloquy is as follows:  On
October 3, 2014, at around 3:08 a.m., the complaining witness,

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S. §§ 2702(a), 903, 6106(a)(1), 6108, and 3701(a)(1)(ii),
respectively.

Joseph Siriani, dropped off a friend at 1016 West Tioga Street in Philadelphia. As the friend went into a house, he waited outside in his vehicle. He then observed a white or Hispanic male, wearing a skeleton mask, approach his passenger vehicle window. The male, who was later identified as Appellant, pointed "a long shotgun type gun into his truck" and said, "Give me your money." The Appellant then started going through the complainant's center console and tried to grab the complainant's car keys. The complainant responded and pushed the Appellant away. The complainant told the Appellant he did not have anything. Before the complainant drove away, the Appellant was able to grab the complainant's cell phone from the center console.

The complainant made a U-turn and watched the Appellant run into 1014 West Tioga Street. The complainant exited his vehicle, banged on the door of that property, and saw the Appellant look out the second floor window without any mask obstructing his face. Appellant proceeded to the first floor of the property and opened the front door. The complainant lunged at the Appellant and in turn the Appellant fired two shots in the complainant's right leg. An unknown individual also began firing at the complainant from a second floor window.

The complainant ran to his car and attempted to drive himself to Temple University Hospital. Due to his injuries, he lost consciousness at Germantown Avenue and Ontario Street. Police Officers from the 25th District responded to the incident and observed the complainant bleeding profusely from the gunshot wound. The complainant was non-responsive so officers escorted him to the hospital for treatment.

Video recovered from 1014 West Tioga Street revealed that the Appellant resides at that location. It was later confirmed that Appellant's girlfriend, Yamarys Ramirez was also at the property that day. She later told the police that Appellant had fired a gun on that date. Following this incident, she stated Appellant took "both guns" from 1014 West Tioga Street, dropped her off at her home, and drove away.

While at Temple Hospital, the complainant was interviewed by Detective Dusak[2] and shown a photo array. He identified the Appellant as the man who shot him. A search warrant was executed at 1014 West Tioga Street for the front second floor

---

[2] Detective Dusak's first name is not in the certified record.

bedroom. No firearms were recovered but "94 live rounds of 7.62 by 95 caliber along with an ammo drum and a banana magazine clip" were discovered. The complainant's cell phone was also not recovered during the investigation. Based upon video surveillance submitted into evidence, it was stipulated between the Commonwealth and defense counsel that the Appellant appeared to pick up something the complainant had dropped.

Trial. Ct. Op., 9/14/17, at 1-3 (citations omitted).

On April 4, 2016, Appellant pled guilty to aggravated assault, conspiracy to commit aggravated assault, firearms not to be carried without a license, and carrying firearms on a public street in Philadelphia. N.T., 4/4/16, at 3. Appellant also pled *nolo contendere* to robbery and the trial court found him guilty. **Id.** at 3, 17.

At the sentencing hearing, on September 12, 2016, Appellant argued that he did not intend to rob the complainant but was only attempting to scare him. The trial court requested additional information and continued the sentencing hearing. N.T., 9/12/16, at 14-20. On December 15, 2016, the court reconvened the sentencing hearing and sentenced Appellant to an aggregate term of nine to twenty years' incarceration.[3] Sentencing Order, 12/15/16.

---

[3] The trial court sentenced Appellant to five to ten years' incarceration for aggravated assault, four to ten years' incarceration for conspiracy, one year and six months to 3 years' incarceration for firearms not to be carried without a license, one to two years' incarceration for carrying firearms on public street in Philadelphia, and five to ten years' incarceration for robbery. All sentences were to run concurrently, except for the conspiracy and aggravated assault sentences, which were to run consecutively.

The trial court found that Appellant had violated his probation on a separate case and imposed a concurrent one to two years' incarceration on that case. **See** Docket No. CP-51-CR-9275-2011.

On December 23, 2016, Appellant filed a timely post-sentence motion stating "Your Honor sentenced [Appellant] on a violation of probation (CP-9275-2011) to one—two years SCI concurrently with the sentence of 9-20 years SCI imposed on the above captioned matter. . . . The sentence imposed was an abuse of the [c]ourt's discretion and illegal." Post Sentence Mot., 12/23/16, at ¶¶ 1-2. The trial court denied Appellant's motion on January 4, 2017. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

Counsel has submitted an *Anders*/*Santiago* brief in this appeal, which identifies the following issue on appeal:

1. Whether there are any issues of arguable merit that could be raised on direct appeal presently before this Court and whether the appeal is wholly frivolous[.]

*Anders*/*Santiago* Brief at 4 (full capitalization omitted). Appellant has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel.

Because counsel has filed an *Anders*/*Santiago* brief, we must first address counsel's request to withdraw before reviewing the merits of the appeal. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). To be permitted to withdraw, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2)

---

[4] In his Rule 1925(b) statement, Appellant raises one issue: "The sentence was excessive and the [t]rial [c]ourt abused discretionary aspects of sentencing." Statement of Errors Complained of on Appeal, 3/24/17.

furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

Here, counsel has not complied with the procedural requirements of ***Anders***/***Santiago***. While counsel attached to his brief a motion to withdraw as counsel and a letter addressed to the Appellant, these documents have not been filed with this Court.[5] ***See Anders***/***Santiago*** Brief at Appendix D; ***see also Commonwealth v. Nischan***, 928 A.2d 349, 352 (Pa. Super. 2007) ("The first . . . requirement[] is that counsel **file with this Court a petition for leave to withdraw** averring that, after making a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.") (citation omitted; emphasis added).

Accordingly, because counsel has failed to meet the first requirement of ***Anders***, we remand this matter with instructions. Upon remand, counsel for Appellant may file either a proper petition to withdraw from representation or an advocate's brief, if he so desires. Should counsel decide to file a petition to withdraw, he must comply with the procedural requirements for seeking leave to withdraw by attaching to his petition to withdraw a copy of a letter advising Appellant of counsel's intent to withdraw and Appellant's rights to

---

[5] We further note that although Appellant attached a motion to withdraw and the letter to Appellant, they do not contain a time stamp or a certificate of service. ***See Anders***/***Santiago*** Brief at Appendix D.

proceed *pro se* or with private counsel. Counsel shall also ensure that Appellant has been furnished a copy of counsel's ***Anders***/***Santiago*** brief. Counsel must file his petition to withdraw or advocate's brief no later than thirty days of the date of this decision. In the event that counsel files a petition to withdraw, Appellant shall have thirty days to file a response in this Court after service of the petition to withdraw, letter, and brief.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/18